**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| BUILDING SERVICE 32BJ<br>HEALTH FUND, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>ASSOCIATED BUILDING<br>MAINTENANCE CO., INC.,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

Civ. Act.: 20-cv-6849

## STIPULATED PROTECTIVE ORDER

WHEREAS the parties have stipulated that:

WHEREAS Plaintiffs Building Service 32BJ Health Fund, Building Service 32BJ Thomas Shortman Training, Scholarship and Safety Fund, and Building Service 32BJ Legal Services Fund (collectively the "Funds") have requested that Defendant Associated Building Maintenance Co., Inc. (the "Defendant") provide certain documentation, for the time period October 1, 2015, to present (the "Audit Time Period"), to Schultheis & Panettieri LLP (the "Auditing Firm") in connection with the audit designated as Audit No. 70032-10-0128 (the "Audit");

WHEREAS Defendant intends to respond in part by producing to the Auditing Firm certain information and documents, for the Audit Time Period, which are confidential and proprietary to Defendant and which shall be relevant and necessary to the Audit and used solely for the purpose of applying particular audit procedures to such information and/or documents (the "Confidential Information"), which Confidential Information shall be treated as confidential

and used solely for the purpose of performing the Audit and/or proving the Audit findings, if necessary, in a subsequent collection proceeding/arbitration, if any; and

WHEREAS good cause exists for the entry of this Order;

It is hereby ORDERED:

1.  <u>Designation of Material as Confidential.</u>  All Confidential Information that Defendant produces to the Auditing Firm in the course of the Audit shall be subject to this Order concerning confidential information, including but not limited to information and documents designated "CONFIDENTIAL" as set forth below:

(a)  The designation of Confidential Information shall be made by placing or affixing on the document, in a manner which will not interfere with its legibility, the word "CONFIDENTIAL" or, in the case of documents or electronically-stored information that may not be easily stamped, conspicuously placing the word "CONFIDENTIAL" in the file name of the document or electronically stored information. The designation of confidential material shall be made prior to, or contemporaneously with, the production or disclosure of that material; however, inadvertent or unintentional production of confidential material without a designation shall not be deemed a waiver in whole or in part of Defendant's rights under this Order, provided that the inadvertent or unintentional production of undesignated material is discovered and asserted thereafter in a reasonably timely manner.

(b)  The Auditing Firm shall not disclose or transfer to the Funds or any other person or entity the Confidential Information, except that (1) subject to Section 4(v) of this Order, the Final Audit Findings Report may be submitted to the Funds at the conclusion of the audit, (2) the Auditing Firm may disclose Confidential Information that, it determines in its sole but reasonable discretion, evidences any audit findings to the Funds as part of litigation or

arbitration proceedings commenced to collect any audit findings, and (3) the Auditing Firm may disclose Confidential Information to Auditing Firm personnel, including but not limited to auditors at the Auditing Firm who have auditing functions to perform necessary to the Audit and solely for the purpose of performing the Audit.   The Auditing Firm and the Funds acknowledge that all Auditing Firm and Funds personnel are subject to this Order and shall abide by its terms.

(c)     The Auditing Firm and the Funds shall not use the Confidential Information for any purpose other than the exclusive purpose of applying particular audit procedures to such information to audit compliance with Defendant's contribution obligations to the Funds during the Audit Time Period, or as part of a litigation or arbitration commenced to collect any audit findings.

(d)     The Auditing Firm and the Funds and any persons who receive the Confidential Information shall take all commercially reasonable, (regarding the Auditing Firm, "commercially reasonable" shall mean reasonable based on accepted attestation standards), precautions to maintain the confidentiality of and to prevent the disclosure or transfer of any Confidential Information to, and the use of any Confidential Information by, any person not authorized by Defendant in a writing signed by Defendant to receive or use such information, including but not limited to the Service Employees International Union ("SEIU"), SEIU Local 32BJ, any SEIU local union other than Local 32BJ, any SEIU affiliate (any and all of which SEIU entities shall, for purposes of this Order, be defined as the "Union"), any benefit funds other than the Funds, and any person or entity engaged in the business of cleaning office buildings.

(e)     All copies, duplicates, extracts, summaries, reports, correspondences with Employer, or descriptions (hereinafter referred to collectively as "Work Papers") of documents

or information covered by or designated as Confidential under this Order or any portion thereof, including but not limited to any copies created by the Auditing Firm, shall be the property of the Auditing Firm, provided that the Auditing Firm shall not provide any Work Papers to any other person except (1) the Funds solely for use as part of a litigation or arbitration to collect any Audit findings, provided that, in any such litigation or arbitration, the Funds shall comply with the terms of this Order and will only disclose the records for a purpose directly relevant to the litigation of claims and defenses in any such litigation or arbitration, and (2) a third party accounting firm as part of the AICPA peer review program.  The Auditing Firm and the Funds shall take all precautions reasonably necessary to maintain the confidentiality of and to prevent the disclosure or transfer of any Work Papers to, and the use of any Work Papers by, any person not authorized by Defendant in a writing signed by Defendant to receive or use such information, including but not limited to the Union, any benefit funds other than the Funds, and any person or entity engaged in the business of cleaning office buildings.

(f)     If the Auditing Firm or the Funds becomes aware of any violation of this Order, whether inadvertent or not, then they shall provide prompt written notice of the same to Defendant, which notice shall identify the date of the violation, the factual details of how the violation occurred, the persons involved, and, in any case of disclosure or transfer of Confidential Information to, or use of Confidential Information by, an unauthorized person or entity, the unauthorized person(s) and entity(ies) receiving or using the Confidential Information, including their addresses and phone numbers.

2.     <u>Right to Move for Amendment:</u> Each party reserves the right to move to amend or modify this Order, and this Court may freely make amendments or modifications to this Order when justice so requires.

3.      <u>Return or Destruction of Confidential Material at Conclusion of Audit.</u>  Unless otherwise agreed by Defendant, including but not limited to agreement that the Confidential Information and copies thereof may be destroyed, subject to Paragraph 5 below, within thirty (30) days after conclusion of the Audit in the case of findings that no contribution deficiencies occurred or, in the case of Audit findings of contribution deficiencies, after payment of the Audit findings, if any, whichever is later, the Auditing Firm will return all and not retain any of the Confidential Information, including any copies, electronic or physical, and will certify to Defendant in a writing signed by the Funds and any person at the Auditing Firm to whom any Confidential Information was disclosed, the relevant disposition of the Confidential Information, except that, solely for purposes of retaining information necessary to prove the validity of the Auditing Firm's findings and to conduct audits internal to the Auditing Firm, the Auditing Firm may maintain Confidential Information provided that it is kept in compliance with this Order. Furthermore, any Work Papers created by the Auditing Firm as part of its normal auditing processes shall be the property of the Auditing Firm and may be retained, provided they are not disclosed to any person, except for (1) the Funds as part of a litigation or arbitration to collect the Audit findings, provided that, the Funds shall comply with this Order during and after any such litigation and only disclose the Confidential Information for a purpose directly relevant to the litigation of claims and defenses in any such litigation or arbitration or (2) as part of AICPA peer reviews.

4.      It is agreed and understood that the foregoing restrictions shall not apply to any portion of the Confidential Information:

> (i)  which is or becomes part of the public domain through no fault of the Funds or Auditing Firm;

(ii)  which is independently ascertainable by the Funds or Auditing Firm without violation of this agreement and which can be demonstrated by appropriate documentary evidence;

(iii)  which is required to be disclosed by an administrative or judicial action, provided that Funds or Auditing Firm provide reasonable written notice to the Defendant to afford it the opportunity to seek to protect the confidentiality of the Confidential Information;

(iv)  which is disclosed by Defendant and/or its clients and customers subsequent to the execution of this Agreement to others without restriction; and

(v)  all employee information contained in the Final Audit Findings Report issued by the Auditing Firm to the Funds at the conclusion of the Audit, provided that the Final Audit Findings Report shall exclude any and all information related to Defendant's accounts, locations, and employees not covered by any collective bargaining agreement between Defendant and the Union (the "Non-Union Information").  The Non-Union Information is Confidential Information to which this Order's restrictions and requirements shall apply. The Auditing Firm's determination of what accounts, locations and employees are covered by any collective bargaining agreement between Defendant and the Union shall be the sole, but reasonable based on accepted attestation standards and applicable law, discretion of the Auditing Firm.

5.     Nothing in this Order shall preclude the Auditing Firm from retaining any documentation disclosed by Defendant in the Audit, including Confidential Information that, in

the Auditing Firm's sole but reasonable discretion, evidences audit findings. Furthermore, nothing in this Order shall preclude the Funds from receiving said documentation from the Auditing Firm and, in the case of any proceeding or arbitration to collect any Audit findings, from introducing it in support of collections claims, if any.

6.     <u>Reservation of Rights</u>.  Defendant does not waive any of its rights, remedies, or defenses, all of which are expressly reserved. Each party shall be responsible for its own fees and expenses incurred in connection with this Order, including but not limited to attorney's fees.

Entered this 16th day of December, 2020.

_____
J. PAUL OETKEN
United States District Judge

SEEN AND AGREED:

_____          */s/ Evan J. Taylor, Esq*_____
Samuel R. Bloom, Esq., (SB1988)              Evan J. Taylor, Esq. (NYSB No. 4724449)
RAAB, STURM & GRANCHOW, LLP             COMBS & TAYLOR LLP
2125 Center Avenue                                    2101 L Street NW
Suite 100                                                    Suite 800
Fort Lee, New Jersey                                    Washington, D.C. 20037
201-292-0150 (telephone)                            202-448-1008 (telephone)
201-292-0152 (facsimile)                            202-448-1009 (fax)
sbloom@rsgllp.com                                      evan.taylor@combstaylor.com
*Counsel for Plaintiffs*                                 *Counsel for Defendant*
*Building Service 32BJ Health Fund,*            *Associated Building Maintenance Co., Inc.*
*Building Service 32BJ Thomas Shortman*
*Training, Scholarship and Safety Fund,*
*Building Service 32BJ Legal Services Fund*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| BUILDING SERVICE 32BJ ) <br> HEALTH FUND, et al., ) <br> ) <br>        Plaintiffs, ) <br> ) <br>      v. ) <br> ) <br> ASSOCIATED BUILDING ) <br> MAINTENANCE CO., INC., ) <br> ) <br>       Defendant. ) | Civ. Act.: 20-cv-6849 |

**EXHIBIT A**
**CONSENT TO STIPULATED PROTECTIVE ORDER**

I, the undersigned, hereby certify that I have been provided with a copy of the Stipulated

Protective Order for the production of Confidential Information, dated _____ day of

_____, _____ [YEAR], entered in the above-captioned action

and hereby agree to be bound by the terms and conditions thereof.

      Signature: _____

      Name: _____

      Business Affiliation: _____

      Address: _____

      Date: _____